

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2002

# Axelrod v. Cent Garden & Pet Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4478

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Axelrod v. Cent Garden & Pet Co" (2002). *2002 Decisions.* Paper 545.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/545

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 01-4478
————————

EVELYN M. AXELROD; HERBERT R. AXELROD,

vs.

CENTRAL GARDEN & PET COMPANY,

Appellant.
————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. No. 01-cv-01262)
District Judge:  The Honorable Mary Little Cooper
————————

ARGUED JULY 23, 2002

BEFORE: SLOVITER, NYGAARD, and BARRY, Circuit Judges.

(Filed: August 28, 2002)
————————

John I. Alioto, Esq.
Alioto & Alioto
505 Sansome Street
Two Transamerica Center, 17th Floor
San Francisco, CA 94111


Robert J. Gilson, Esq. (Argued)
Riker, Danzig, Scherer, Hyland & Perretti
One Speedwell Avenue
Headquarters Plaza
Morristown, NJ 07962
        Counsel for Appellant


Alan M. Lebensfeld, Esq. (Argued)
Lebensfeld, Borker & Sussman
140 Broad Street
Red Bank, NJ 07701
        Counsel for Appellees


————————

OPINION OF THE COURT
————————


NYGAARD, Circuit Judge.

In this appeal, Appellant, Central Garden and Pet Company, asks us to reverse those portions of the District Court's Order that granted the Axelrods' motion to confirm a January 31, 2001 arbitration award rendered in the Axelrods' favor by PriceWaterhouseCoopers . The initial conflict arose out of Central's purchase of all of the Axelrods' shares of TFH Publications. The arbitration was conducted to resolve disputes that arose between the Axelrods and Central as to the amount, if any, of additional purchase price Central owed to the Axelrods. Central argues on appeal that the District Court should have dismissed the Axelrods' petition to confirm the arbitration award because the arbitration was not an arbitration at all, but rather an appraisal. Further, Central argues that the District Court should have abstained or stayed judgment pending the conclusion of a state court action. We conclude that neither issue has merit, and would affirm, except that both parties agree the District Court erred by calling its order a Declaratory Judgment, rather than a mere confirmation of an arbitrator's award. We agree, will vacate the Declaratory Judgment and remand the cause for the District Court to enter a judgment confirming the arbitration award.

---

TO THE CLERK:

Please file the foregoing opinion.


/s/ Richard L. Nygaard
Circuit Judge